116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul PARKS, Plaintiff-Appellant,
v.
BLUE CROSS & BLUE SHIELD OF OREGON, an Oregon Corporation,
Defendant-Appellee.
 No. 96-35181.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 8, 1997.
Decided June 2, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-00839-JAR; James A. Redden, District Judge, Presiding.
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Blue Cross and Blue Shield of Oregon ("Blue Cross") denied preauthorization of medical benefits to Parks for treatment of his cancer after determining that the proposed treatment was "experimental or investigational." Parks asserted a claim against Blue Cross under ERISA for wrongful denial of benefits. The district court granted Blue Cross's motion for summary judgment, Parks appealed, and we affirm.
 
 
 3
 I. The District Court Did Not Err by Reviewing Blue Cross's Denial of Preauthorization for Abuse of Discretion.
 
 
 4
 The district court reviews benefits determinations by ERISA plan fiduciaries for abuse of discretion where the benefits plan allows the fiduciary discretionary authority to construe terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The policy Blue Cross applied in this case excludes "[s]ervices and supplies that are, in our judgment, experimental or investigational." This language allows Blue Cross discretionary authority, see Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996) ("if the plan administrator has the authority to determine eligibility for benefits, that inherently confers discretion upon him"); therefore, the district court did not err in reviewing Blue Cross's denial of preauthorization for abuse of discretion.
 
 
 5
 Parks argues that the district court should have reviewed the benefits determination de novo because Blue Cross acted under a serious conflict of interest. See Barnett v. Kaiser Found. Health Plan, Inc., 32 F.3d 413, 416 (9th Cir.1994). First, Parks complains that Blue Cross either failed to consider, or deliberately concealed, a recommendation by Dr. Doty that his procedure was not experimental. This argument fails to create a disputed issue of material fact regarding whether Blue Cross acted under a serious conflict of interest. Blue Cross submitted the affidavit of Joanna Zamorra, which stated that Blue Cross did consider Dr. Doty's recommendation. Parks offers no evidence to the contrary, other than to speculate that the absence of the letter from his file indicates Blue Cross failed to consider it. The letter's absence from his file is insufficient to create a disputed issue of fact. Moreover, Parks failed to cite any authority for the proposition that Blue Cross had a duty to present Dr. Doty's letter to the district court. Accordingly, Blue Cross's handling of Dr. Doty's recommendation does not show a serious conflict of interest.
 
 
 6
 Second, Parks argues that Blue Cross failed to follow its policy's procedures for claims appeals. When a plan beneficiary appeals a denial of benefits, the policy provides that the appeal will be reviewed by a committee of people who were not involved in the original decision. This appeals procedure applies only to appeals of benefits determinations made after services have been provided. This case involves preauthorization for benefits, which does not include similar appellate procedures. Accordingly, Parks was not entitled to have his "appeal" reviewed by a committee of people who were not involved in the original decision.
 
 
 7
 Third, Parks argues that Blue Cross inappropriately considered the cost of his treatment in making the determination that the treatment was experimental. Parks offers no evidence that Blue Cross considered cost in connection with his request for preauthorization. Rather, Parks offers evidence from meetings of medical professionals during which the cost of the procedure was discussed. Parks' showing that Blue Cross is aware that the treatment is expensive is not substantial, probative evidence of a serious conflict of interest. See Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1323 (9th Cir.1995). At most, Parks has shown an "apparent conflict," which is insufficient to trigger a heightened level of review. See id.
 
 
 8
 Fourth, Parks argues that Blue Cross breached its fiduciary duty to him by amending his policy specifically to exclude the treatment he requested. Parks argues that Blue Cross cannot amend his policy in a manner that would "deny coverage for a service which had been covered when a beneficiary was hospitalized." See Pitman v. Blue Cross & Blue Shield of Okla., 24 F.3d 118, 124 (10th Cir.1994). However, because we find that Blue Cross properly found the experimental/investigational exclusion applicable to Parks' treatment, Pitman does not support Parks' argument.
 
 
 9
 Because Parks failed to provide material, probative evidence of a serious conflict of interest, we conclude that the district court did not err in reviewing Blue Cross's denial of preauthorization for abuse of discretion.
 
 
 10
 II. Blue Cross Did Not Abuse its Discretion by Concluding that Parks' Treatment was Experimental
 
 
 11
 "Plan Administrators abuse their discretion if they render decisions without any explanation, or construe provisions of the plan in a way that conflicts with the plain language of the plan." Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1472 (9th Cir.1993) (internal quotation omitted). "[A]n administrator also abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations." Id. at 1473. We must affirm the district court's decision if there is substantial evidence to support the decision even if it is possible to draw two inconsistent conclusions from the evidence. Snow, 87 F.3d at 331-32. Blue Cross denied preauthorization of Parks' treatment pursuant to a provision in Parks' policy that excludes services and supplies that are experimental or investigational. The determination of which services are experimental and investigational is left to the judgment of Blue Cross. The policy provides two definitions which, if satisfied, would require Blue Cross to find that the service is experimental. However, services that are experimental are not limited to those that satisfy the two definitions. Rather, the policy more generally excludes, "[s]ervices and supplies that are, in our judgment, experimental or investigational. These include, but are not limited to," two enumerated definitions.
 
 
 12
 In arguing that his treatment was not experimental, Parks relies exclusively on the two definitions provided in the policy. Parks argues that if his treatment does not meet one of the two definitions provided in the exclusion that we must find that Blue Cross abused its discretion in finding that his treatment was experimental. If we were to accept Parks' argument, we would be forced to ignore the plain language of the policy, which expressly does not limit the definition of experimental to the two definitions provided. Because we are not free to ignore the plain language of the policy, our inquiry is limited to whether substantial evidence in the record supports Blue Cross's determination that Parks' treatment was experimental.
 
 
 13
 Blue Cross relied upon Dr. Livingstone's judgment to determine whether Parks' treatment was experimental. Dr. Livingstone, in turn, consulted sixteen peer-reviewed articles, all of which conclude that the procedure is experimental. Parks does not dispute that these sixteen articles reach this conclusion, nor does he take issue with the analysis employed in these articles. Rather, his sole argument with respect to the articles is that "Blue Cross's reliance upon peer-review literature is particularly troubling given that 'in cancer therapy ... it takes time for literature to catch up with accepted practice and what doctors are actually doing.' Leonhardt v. Holden Business Forms, Inc., 828 F.Supp. 657, 672 (D.Minn.1993)." While it may be true that peer-review literature is not as current as other evidence, Parks fails to present evidence contesting the studies relied upon by Blue Cross. Parks does not present evidence that any of the articles relied upon by Blue Cross was actually out-dated. Instead, Parks simply asserts that peer-review literature is not always the best evidence. Parks' argument is insufficient to undermine the credibility of the evidence relied upon by Blue Cross.
 
 
 14
 Parks cites to "legion" cases that find Parks' procedure not to be experimental. See, e.g., Ragucci v. Blue Cross & Blue Shield of N. Carolina, No. 2:93CV297, 1994 WL 218235 (W.D.N.C., Jan. 7, 1994); Leonhardt v. Holden Business Forms, Inc., 828 F.Supp. 657 (D.Minn.1993); Phatak v. Blue Cross & Blue Shield of Virginia, No. C-92-2804 EFL, 1992 WL 281382 (N.D.Cal., Aug. 3, 1992); Dozsa v. Crum & Foster Ins. Co., 716 F.Supp. 131, 138-39 (D.N.J.1989).[1] These cases fall short of establishing that Parks' procedure must be considered not experimental under his policy. First, none of the cases cited involved exclusions for experimental/investigational procedures with language as broad as the language in Parks' policy. Second, each of the cases came before the court on motions for preliminary injunctions, not on motions for summary judgment. Third, Ragucci, Leonhardt, and Phatak all involve benefits determinations made after November 1991. Because the record reflects that the procedure became increasingly accepted in the medical community over time, subsequent cases provide little support in determining whether the treatment was experimental at the time Parks requested preauthorization.
 
 
 15
 Viewing the evidence most favorably to Parks, the record reflects substantial evidence for the inconsistent positions that Parks' treatment was experimental, and that it was not. Under the abuse of discretion standard, where substantial evidence exists to support two inconsistent conclusions, we must defer to Blue Cross's benefits determination. Snow, 87 F.3d at 332. Accordingly, we affirm the district court's summary judgment in favor of Blue Cross.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Parks also cites to Mashburn v. Mail Handlers Ben. Plan, No. 3:94-0549, 1994 WL 715962 (M.D.Tenn., Aug. 4, 1994), which found HDC-PSCR not experimental in treating breast cancer. The record in this case shows that HDC-PSCR is less well accepted in treatment for multiple myeloma than in treatment for breast cancer. Accordingly, we give very little weight to cases not involving multiple myeloma